## Lawrence & Gilroy Dental Co. v. Gilroy.

1. INJUNCTION—*Performance of Contracts.*—Specific performance of a contract for personal services is not enforcible by injunction, nor of a contract which has been violated by complainant, and in the performance of which neither readiness, ability nor willingness is averred or shown.

**Memorandum.**—Bill for injunction. Appeal from an order dismissing the bill entered by the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Heard in this court at the March term, A. D. 1893, and affirmed. Opinion filed June 20, 1893.

The statement of the facts is contained in the opinion of the court.

DOOLITTLE, PALMER & TOLMAN, and CHARLES J. KAVANAUGH, attorneys for appellant.

F. W. BECKER and DALE & FRANCIS, attorneys for appellee.

OPINION OF THE COURT, GARY, P. J.

Pliny F. Lawrence and the appellee had built up a business and gained a reputation (they agree in that) in the city of Chicago, as dentists. With others, they formed a corporation, which is appellant.

In so doing, Lawrence received $3,000, and Gilroy $2,000 for four-tenths of the stock of the new company, and transferred their partnership effects and good will of their business to it.

As part of the same arrangement, the appellee agreed to serve the company for five years with his " best efforts," etc., and the company agreed to pay him on the last day of each month $175, with a contingent increase.

The company did not pay as agreed, but excused itself on the ground that creditors, who were not stockholders, should be paid first.

The appellee refused to accept such an excuse, left the service, and started in business for himself, sending notices thereof to patrons of the old firm.

How much the company was remiss in paying, and how emphatic were the remonstrances of the appellee, are disputed, but that the company did not pay promptly, and justified itself, and that the appellee clamored for his pay, and still did not get it, can not be questioned. The agreement contained a clause that the appellee would not practice dentistry in any of its branches within the State of Illinois, so long as the company faithfully complied with the agreement.

The company filed this bill, asking an injunction to stop the appellee from practicing dentistry in Chicago, and from soliciting the patronage of former patrons of the old firm or of the company. The company does not ask that the appellee specifically perform his agreement to serve, and even if the contract were of a nature to be specifically performed, the company could not sustain an allegation that it was always ready and willing to perform on its own part; but unless it is willing to perform in the future, and will be able so to do, it ought not to prevent the appellee from earning a livelihood for himself and his family, by industry in his profession. Telegraph Despatch v. McLean, L. R. 8 Chy. App. 658; High on Inj. Sec. 1119.

From whom shall he seek patronage, if not from his former patrons? The company makes no offer to employ the appellee, and as to ability to pay, only says, that at all times it had ample resources, consisting largely of good accounts, but to press collections would or might lose custom.

Even Dr. Tanner might not be able to endure a fast so long as might be the time required to collect the accounts of dentists.

The decree dismissing the bill is right, and is affirmed.